UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA           CRIMINAL ACTION

VERSUS           No. 18-193

DARRYL HENRY           SECTION I

### ORDER & REASONS

Before the Court is Darryl Henry's ("Henry") *pro se* motion[1] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government opposes Henry's motion.[2] For the reasons below, the Court denies the motion.

### I. BACKGROUND

On September 14, 2018, Henry was indicted[3] on six counts involving violations of 18 U.S.C. § 1951(a), 18 U.S.C. § 924(c)(1)(A)(i), and 18 U.S.C. § 924(c)(1)(A)(ii). These charges stemmed from three separate incidents, all of which occurred on August 24, 2018.

Counts 1 and 2 pertained to an attempted Hobbs Act robbery of a Walmart Supercenter in New Orleans, Louisiana.[4] Count 1 charged that Henry "did unlawfully attempt to take and obtain . . . money[] in the care, custody, control, management, and possession of the Walmart Supercenter's employees, against their will, by means

---

[1] R. Doc. No. 77.
[2] R. Doc. No. 81.
[3] R. Doc. No. 15.
[4] *Id.* at 1–2.

1

of actual and threatened force, violence and fear of injury" by "demand[ing] money and display[ing] a firearm" in violation of § 1951(a).[5] Count 2 charged that Henry "knowingly used, carried, possessed, and brandished a firearm during and in relation to [his] commission of a crime of violence . . . , to wit: Hobbs Act robbery . . . as charged in Count 1 of the Indictment" in violation of §§ 924(c)(1)(A)(i) and (ii).[6]

Counts 3 and 4 pertained to an attempted Hobbs Act robbery of a Winn-Dixie Supermarket, also located in New Orleans.[7] Count 3 charged that Henry "did unlawfully attempt to take and obtain . . . money[] in the care, custody, control, management, and possession of the Winn-Dixie Supermarket's employees, against their will, by means of actual and threatened force, violence and fear of injury" by "demand[ing] money and display[ing] a firearm" in violation of § 1951(a).[8] Count 4 charged that Henry "knowingly used, carried, possessed, and brandished a firearm during and in relation to [his] commission of a crime of violence . . . , to wit: Hobbs Act robbery . . . as charged in Count 3 of the Indictment" in violation of §§ 924(c)(1)(A)(i) and (ii).[9]

Counts 5 and 6 pertained to a completed Hobbs Act robbery of a Walmart Neighborhood Market in Harvey, Louisiana.[10] Count 5 charged that Henry "did unlawfully take and obtain property, to wit: $6,922.00 of United States currency, in

---

[5] *Id.*
[6] *Id.* at 2.
[7] *Id.* at 2–3.
[8] *Id.*
[9] *Id.* at 3.
[10] *Id.* at 3–4.

the care, custody, control[,] management, and possession of the Walmart Neighborhood Market's employees, against their will, by means of actual and threatened force, violence and fear of injury" by "demand[ing] money and display[ing] a firearm" in violation of § 1951(a).[11] Count 6 charged that Henry "knowingly used, carried, possessed, and brandished a firearm during and in relation to [his] commission of a crime of violence . . ., to wit: Hobbs Act robbery . . . as charged in Count 5 of the Indictment" in violation of §§ 924(c)(1)(A)(i) and (ii).[12]

On April 3, 2019, Henry pleaded guilty to Counts 1, 3, 5, and 6 of the indictment pursuant to a plea agreement.[13] The government moved the Court to dismiss Counts 2 and 4 of the indictment, both of which alleged violations of §§ 924(c)(1)(A)(i) and (ii).[14] In the plea agreement, Henry expressly waived his right to appeal his sentence or contest it in a collateral proceeding pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255.[15]

On October 9, 2019, the Court sentenced Henry to a term of 180 months of imprisonment.[16] This term consisted of 96 months as to each of Counts 1, 3, and 5, to

---

[11] *Id.*
[12] *Id.* at 4.
[13] R. Doc. No. 56, at 1 (Judgment).
[14] *Id.*
[15] R. Doc. No. 36, at 3. The government has not moved for specific enforcement of the plea agreement. Because of its failure to do so, the government has waived its right to seek the benefit of Henry's waiver. *See United States v. Del Toro-Alejandre*, 489 F.3d 721, 723–24 (5th Cir. 2007); *Delgado v. United States*, No. 11-716-1, 2017 WL 2126694, at *1 n.1 (S.D. Tex. Apr. 19, 2017). The Court notes that this finding does not affect the outcome in this case because, as discussed below, Henry's § 2255 claim is meritless.
[16] R. Doc. No. 56, at 2 (Judgment).

3

be served concurrently to each other and to any other sentence imposed, and a term of 84 months as to Count 6 to be served consecutively to the other four counts and any other sentences imposed.[17] The Court also imposed a five-year term of supervised release, which consisted of three years as to Counts 1, 3, and 5, and five years as to Count 6, to be served concurrently.[18] Restitution was mandatory in this case pursuant to 18 U.S.C. § 3663(a), so the Court ordered Henry to pay $6,992.00 to the victim, Walmart.[19] A special assessment of $400.00 was also due immediately upon the acceptance of the guilty plea.[20] Upon the government's motion, the Court dismissed Counts 2 and 4 of the indictment.[21]

Henry appealed his sentence. The Fifth Circuit Court of Appeals dismissed Henry's appeal of his sentence based on his waiver of his rights to appeal.[22] The United States Supreme Court denied certiorari.[23]

On June 21, 2023, Henry filed the instant § 2255 motion arguing that, pursuant to the United States Supreme Court's holding in *United States v. Taylor*, 142 S. Ct. 2015 (2022), Henry is "actually innocent" of his § 924(c) conviction.[24] Specifically, Henry claims that, applying the categorical approach, Hobbs Act robbery is not a crime of violence since it "does not have as an element the use, attempted use,

---

[17] *Id.*
[18] *Id.* at 3.
[19] *Id.* at 5.
[20] *Id.*
[21] *Id.* at 1.
[22] R. Doc. No. 75.
[23] R. Doc. No. 76.
[24] R. Doc. No. 77, at 5.

4

or threatened use of force" and is therefore overbroad. According to Henry, this Court "does not have jurisdiction over the overbroad offenses[] because such overbroad offenses are not 'offenses against the laws of the United States,' pursuant to 18 U.S.C. § 3231."[25]

## II. STANDARD OF LAW

Section 2255 allows a federal prisoner to "move the court which imposed [his] sentence to vacate, set aside, or correct [his] sentence" on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The petitioner bears the burden of proving his claim by a preponderance of the evidence. *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). Courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel." *Grant v. Cuellar*, 59 F.3d 523 (5th Cir. 1995).

As relevant here, a § 2255 motion must be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court" if that right was "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

---

[25] *Id.*

### III. ANALYSIS

As explained, Henry's arguments rest primarily on the Supreme Court's decision in *Taylor v. United States*, 142 S. Ct. 2015 (2022). Because Henry's motion was filed on June 21, 2023, the one-year anniversary of the *Taylor* decision, it is timely.[26] *See* 28 U.S.C. § 2255(f)(3). However, as the government points out, Henry's motion is meritless.

Pursuant to 18 U.S.C. § 924(c), any person who "during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" faces enhanced penalties. In *United States v. Davis*, the Supreme Court struck down as unconstitutionally vague one of the statute's two definitions of the term "crime of violence." 139 S. Ct. 2319, 2366 (2019). After *Davis*, a federal felony qualifies as a "crime of violence" for purposes of § 924(c) only if it satisfies the statute's other definition, meaning it "has as an element the use, attempted use, or threatened use of physical force." 28 U.S.C. § 924(c)(3)(A); *see also Taylor*, 142 S. Ct. at 2020. To determine whether a felony qualifies as a "crime of violence," courts employ the categorical approach, asking only "whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt,

---

[26] The government makes a circular argument that Henry's motion is untimely because Henry's arguments are meritless. R. Doc. No. 81, at 2. However, the government concedes that "[i]f *Taylor* had disqualified Hobbs Act robbery as a crime of violence, Henry's claim . . . would be timely under § 2255(f)(3) because it was filed within one year of the Taylor decision." *Id.* The same would also be true if Henry were correct that attempted Hobbs Act robbery became an invalid predicate after *Taylor*. It did not.

6

as an element of its case—the use, attempted use, or threatened use of force." *Taylor*, 142 S. Ct. at 2020.

The *Taylor* Court concluded that, applying the categorical approach, attempted Hobbs Act Robbery does not qualify as a "crime of violence." *Id.* As the government points out, however, the *Taylor* Court made clear that its holding only pertained to *attempted* Hobbs Act robbery. *See id.* ("Whatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause."). The Fifth Circuit has since made clear that, even after *Taylor*, completed Hobbs Act robbery qualifies as a crime of violence. *United States v. Hill,* 63 F.4th 335, 363 (2023) ("Our precedents establish that Hobbs Act robbery is a crime of violence under the elements clause." (citing *United States v. Bowens*, 907 F.3d 347, 353–54 (5th Cir. 2018))).

Henry's sole § 924(c) conviction was predicated on a completed Hobbs Act robbery. As discussed, of the three § 924(c) counts charged in the indictment, Henry pleaded guilty only to Count 6.[27] The indictment explicitly states that the "crime of violence" upon which Count 6 was predicated was the violation of 18 U.S.C. § 1951 charged in Count 5.[28] Count 5 charges a completed Hobbs Act robbery: that Henry "did unlawfully take and obtain property, to wit: $6,992.00 of United States currency, in the care, custody, control[,] management, and possession of the Walmart Neighborhood Market's employees, against their will, by means of actual and

---

[27] R. Doc. No. 56 (Judgment).
[28] R. Doc. No. 15, at 4.

threatened force, violence and fear of injury . . . in violation of Title 18 United States Code, Section 1951(a)."[29] Because Henry's only § 924(c) conviction is predicated upon a completed Hobbs Act robbery, *Taylor* is inapposite and Henry's argument is foreclosed by Fifth Circuit precedent.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Henry's motion is **DENIED.**

New Orleans, Louisiana, August 1, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[29] *Id.* The fact that Count 5 is the relevant predicate for Count 6 is also clear from the factual basis and the re-arraignment transcript. R. Doc. No. 37, at 4; R. Doc. No. 70, at 5:22–6:3.